UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


STREET BENJAMIN CHESHIRE                CIVIL ACTION


VERSUS                                  NO: 14-578


JEFFERSON PARISH, ET AL                 SECTION: "H"(2)


ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 33).  Plaintiff opposes this Motion in part.  For the following reasons, the Motion is **GRANTED IN PART**.


BACKGROUND

On March 13, 2013, Plaintiff was arrested for disturbing the peace in the Walmart parking lot in Harahan, Louisiana.  He was handcuffed and placed in Defendant Deputy Daniel Ordoyne's police cruiser and transported to Jefferson Parish Correctional Center ("JPPC") for processing.  What occurred

1

in the police cruiser during that transport is significantly in dispute and forms the basis of this lawsuit.

According to Plaintiff, while in transport, he asked the Defendant on multiple occasions, "why he was being arrested." After initially ignoring the questions, Defendant told the Plaintiff to "shut the 'F' up" and slammed on the brakes several times. This braking caused Plaintiff's face to slam into the divider separating him from the officer. In an effort to protect his face, Plaintiff contends that he moved his handcuffed hands from behind his back. Plaintiff then began to swear at the Defendant and ridicule him about his weight. Eventually, Defendant pulled the cruiser onto the shoulder and ordered Plaintiff to "get the 'F' out." Initially Plaintiff refused and moved to the other side of the seat. Defendant then threatened Plaintiff that if he refused to exit the vehicle "it would be twice as bad." Plaintiff eventually complied and exited the vehicle. Upon exiting, Defendant immediately placed Plaintiff in a headlock and began beating him. In his Complaint, Plaintiff contends that at no time did he resist arrest.

Defendants, in stark contrast, contend that while in transport, Plaintiff became belligerent, removed his hands from behind his back, banged his hands against the glass partition. Defendant alleges that he was concerned that Plaintiff could breach the glass partition and harm him. As a result of this concern, Defendant pulled the cruiser onto the shoulder in an effort to re-secure Plaintiff. Defendant alleges that when he opened the rear passenger door, Plaintiff emerged from the vehicle and grabbed him. As part of the

2

ensuing struggle, Plaintiff struck his head on the door locking mechanism. Defendant struck Plaintiff two times on the right side of the face. Eventually, Plaintiff was subdued and transported to JPCC with the assistance of other deputies.

Plaintiff was charged in state court with disturbing the peace, escape, and felony resisting arrest by force of violence. The Court stayed this matter pending adjudication of the criminal charges. Plaintiff was ultimately convicted of misdemeanor resisting arrest in violation of La. Rev. Stat. 14:108 and disturbing the peace in violation of La. Rev Stat. 14:103, and his appeal has been exhausted. Accordingly, the Court lifted the stay and allowed the matter to proceed. This Motion follows.

## LEGAL STANDARD

Defendants have styled their Motion as a Motion to Dismiss or, Alternatively, a Motion for Summary Judgement. Because the parties have submitted to the Court matters outside the pleadings, such as affidavits, the Court will treat the Motion as a motion for summary judgment under Rule 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]   A genuine issue of fact exists

---

[1] Fed. R. Civ. P. 56(c) (2012).

only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

4

necessary facts."[7]    Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendants argue that Plaintiff's claims are precluded by the Supreme Court's decision in *Heck v. Humphrey* because he was found guilty of resisting arrest.[9]   Defendants also argue that the claims against them should be dismissed on the basis of qualified immunity.   The Court will address these arguments in turn

## I. Dismissal Based on the *Heck* Doctrine

Plaintiff concedes and this Court agrees that his federal and state law claims for false arrest against Ordoyne and his *Monell* and state law negligence claims against Sheriff Normand should be dismissed.   He argues, however, that his §1983 excessive force claim and his state law battery claim against Defendant Ordoyne and his related respondeat superior claim against the sheriff should be maintained.[10]

Pursuant to *Heck v. Humphrey,*

---

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] *See Heck v. Humphrey*, 512 U.S. 477 (1994)

[10] Louisiana applies the *Heck* doctrine to claims arising under state law that would impugn a criminal conviction. *Williams v. Harding*, 117 So. 3d 187, 191 (La. App. 1 Cir. 2013) (collecting cases).   Accordingly, the analysis as to preclusion of the section 1983 excessive force claim and the related state law battery claim is identical.

5

a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[11]

When a district court confronts a § 1983 claim for damages that implicates a conviction or sentence, "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[12]  If that is the case, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[13]  Put another way, if it is possible both for Plaintiff to have resisted arrest and for Defendant's use of force to be objectively unreasonable, then *Heck* does not bar Plaintiff's claim.[14]

In arguing that his claims for excessive force should be maintained, Plaintiff relies on *Bush v. Strain*.[15]  There, the plaintiff brought a § 1983 claim to recover for alleged violations of her Fourth Amendment rights in connection with the use of force to affect her arrest.[16]  Though she initially denied ever

---

[11] *Ballard v. Burton,* 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486–87, (1994)).

[12] *Ballard,* 444 F.3d at 396 (citations omitted).

[13] *Id.*

[14] *See id.* at 398.

[15] 513 F.3d 492 (5th Cir. 2008)

[16] *Id.* at 496.

resisting arrest, she ultimately admitted in her deposition that she pulled away from the officer when he tried to arrest her.[17]  The district court granted defendant's motion for summary judgment, finding that *Heck* precluded her action for excessive use of force because of her conviction for resisting arrest.[18] The Fifth Circuit reversed, finding that there was a genuine issue of material fact as to whether plaintiff had ended her efforts to resist and submitted to the officer's authority prior to the officer's alleged excessive force.[19]  The court noted that the state court judge in the criminal matter issued very narrow factual findings and made no finding regarding how long the plaintiff's resistance lasted.  The court held that "a § 1983 claim [does] not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim."[20]  "[T]he determination of whether such claims are barred is analytical and fact-intensive, requiring [a court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."[21] Accordingly, "the court must review the sequence of events as alleged by the

---

[17] *Id.*
[18] *Id.*
[19] *Id.* at 499.
[20] *Id.* at 498.
[21] *Id.*

plaintiff and determine whether that sequence of events is inconsistent with the underlying criminal conviction."[22]

In this case, the state court judge did not specify the conduct upon which she based Plaintiff's conviction.  Plaintiff argues that his version of events as testified to at trial and in his affidavit in support of his Opposition could support both a conviction for resisting arrest and a claim for excessive use of force.  This Court agrees.  Plaintiff was convicted of resisting arrest under La. Rev. Stat. 14:108, which, in pertinent part, provides:

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
>
> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>
> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
>
> (c) Refusal by the arrested or detained party to give his name and make his identity known to the arresting or detaining officer or providing false information regarding the identity of such party to the officer.

---

[22] *Payton v. Normand*, No. 13-310, Doc. 18 (quoting *Stephens v. Scott*, 244 F. App'x 603 (5th Cir. 2007)).

8

> (d) Congregation with others on a public street and refusal to move
> on when ordered by the officer.

Plaintiff's description of his conduct in the back seat of the police cruiser is sufficient to support a conviction for resisting arrest under La. Rev. Stat. 14:108 (B)(1)(b), as he admits to yelling, cursing, and switching the position of his cuffed hands.  He also initially refused to comply with an order to exit the vehicle and actually slid to other side of the seat away from the officer.  He avers, however, that he ceased this behavior prior to the beating allegedly inflicted by Defendant.  A finding that his resistance continued through the encounter outside of the police cruiser was not necessary to sustain Plaintiff's conviction for resisting arrest.  Indeed, a review of the record indicates that the judge viewed the conduct in the back seat of the car as relevant to the resistance charge.[23]   Accordingly, as in *Bush*, summary judgment in this matter is precluded by this unresolved question of fact: whether plaintiff had ceased to resist arrest prior to the infliction of the alleged excessive force.[24]  To prevail on an excessive force claim, Plaintiff must show: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[25]  The Court finds that Plaintiff could make this showing without impugning his state court

---

[23] Doc. 36-1.

[24] Defendants argue the Plaintiff cannot create a genuine issue of material fact because he alleged in his complaint that he never resisted arrest.  The court in *Bush* considered and rejected a similar argument.  513 F.3d at 499.

[25] *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

conviction.   Likewise, Plaintiff could prove up his state law battery claim and the related respondeat superior claim without impugning his conviction.

## II. Qualified Immunity

Having determined that *Heck* does not bar Plaintiff's excessive force claims, the Court now turns to whether Defendants are immune from suit on the basis of qualified immunity.   In *Saucier v. Katz*, the Supreme Court promulgated a two-step analysis to determine if an official has stepped outside the bounds of qualified immunity.[26]   Under that test, the initial inquiry is whether the Plaintiff has alleged a constitutional violation.[27]   If established, the next inquiry is whether the defendant's conduct was objectively reasonable in light of clearly established law at the time the conduct occurred.[28]   In *Pearson v. Callahan*, the Court retreated somewhat from this rigid two-step inquiry, giving courts leave to decide which prong to consider first.[29]

### A. Allegation of a Constitutional Violation

Plaintiff has alleged that Defendant used excessive force in violation of his Fourth Amendment rights.   In order to prevail on such a claim, he must allege "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[30]   "[A]n injury is generally legally cognizable when it results

---

[26] 533 U.S. 194, 201 (2001).
[27] *Id.*
[28] *Id.*
[29] 555 U.S. 223, 236 (2008).
[30] *Flores*, 381 F.3d at 396.

from a degree of force that is constitutionally impermissible—that is, objectively unreasonable under the circumstances."[31]   In determining the objective reasonableness of the force, a court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[32]

The Court finds that Plaintiff has adequately alleged a constitutional violation under his version of events.  He alleges that Defendant placed him in a headlock and beat him after he had already submitted to Defendant's authority.  There is record evidence that Plaintiff sustained injuries.  Though Defendant avers that these injuries occurred as a result of Plaintiff attacking him when he pulled over to re-secure him, this conflicting testimony creates a genuine issue of material fact.

### B. "Clearly Established" Constitutional Right

In the next step of a qualified immunity analysis, the Court must consider whether the officer's use of force ran afoul of a clearly established constitutional right.   The Fifth Circuit, citing applicable Supreme Court precedent, has stated:

> To be "clearly established" for purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." "In practice, this means that whether an official protected by qualified immunity may be held personally liable for

---

[31] *Bush*, 513 F.3d at 501.
[32] *Graham v. Conner*, 490 U.S. 386, 396 (1989).

an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the official's action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." This court has repeatedly held that objective reasonableness in a qualified immunity context is a question of law for the court to decide, not an issue of fact. For a plaintiff to establish objective unreasonableness and overcome a qualified immunity defense, he must satisfy two inquiries. First, a plaintiff must show "the allegedly violated constitutional rights were clearly established" at the time of the alleged violation. Second, a plaintiff must demonstrate that "the conduct of the defendants was objectively unreasonable in the light of that then clearly established law."[33]

At the time of the incident, the law was clearly established that the permissible degree of force in affecting an arrest depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee.[34]   Under Plaintiff's version of events, he had ceased to resist arrest at the time Defendant placed him in a headlock and beat him.  The reasonableness test for the use of force is sufficiently clear such that Defendant should have known that he could not use the level of force that Plaintiff alleges was applied when he had ceased to resist.  Accordingly, Defendants are not entitled to qualified immunity.

---

[33] *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005) (internal citations omitted).

[34] *Bush*, 513 F. 3d at 502 (citing *Graham*, 490 U.S. at 369).

12

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART**.  Plaintiff's federal and state law claims for false arrest against Defendant Ordoyne and his *Monell* and state law negligence claims against Defendant Sheriff Normand are **DISMISSED**.   The sole remaining claims are his § 1983 claim for excessive force, his state law battery claim against Ordoyne, and the related respondeat superior claim against Sheriff Normand.

New Orleans, Louisiana this 26th day of May, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

13